

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00395-CR

**EX PARTE** Manuel Vallardes **TAMAYO**

From the County Court, Kinney County, Texas
Trial Court No. 10822CR
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: June 28, 2023

DISMISSED FOR LACK OF JURISDICTION

On April 19, 2023, appellant filed a notice of appeal attempting to appeal the trial court's order denying his application for writ of habeas corpus seeking dismissal of the underlying information for criminal trespass. However, on April 24, 2023, the trial court signed an order granting the State's motion to dismiss the underlying case in the interest of justice.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *See Ex parte Sifuentes*, 639 S.W.3d 842, 845 (Tex. App.—San Antonio 2022, pet. ref'd). "A court of appeals has no jurisdiction to decide moot

controversies and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

Because the premise of appellant's habeas corpus application has been destroyed by the trial court's subsequent order dismissing the underlying case, we ordered appellant to show cause in writing, on or before May 22, 2023, why this appeal should not be dismissed for lack of jurisdiction. To date, appellant has not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish